# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

**RAMON STEYBE, II, as Personal Representative of the Estate of Austin Lane Steybe, on behalf of the Estate, and on behalf of his survivors, Ramon Steybe, II and Katina Simmons,**

      **Plaintiffs,**

vs.

**DAVID LOONEY, individually; and TERRANCE HAYNES, individually,**

      **Defendants.**

Case No.:

_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Ramon Steybe, II, as Personal Representative of the Estate of Austin Lane Steybe, and on behalf of his survivors, Ramon Steybe, II and Katina Simmons, brings this action seeking monetary damages, attorney's fees, and costs against Defendants and alleges the following:

1. This is an action for damages, attorney's fees, and costs for the deprivation of Plaintiff's rights secured by the Fourteenth Amendment to the Constitution of the United States.

## JURISDICTION AND VENUE

2. Plaintiff invokes the jurisdiction of this Court pursuant to 42 U.S.C. §§ 1983 and 1988 and 28 U.S.C. §§ 1331 and 1343 as to the federal claims herein.

3. Venue in this district is proper pursuant to 28 U.S.C. § 1391 in that the cause of action arose in this district.

## PARTIES

4. Plaintiff, Ramon Steybe, II, is a citizen of the United States, the father of Austin Lane Steybe, and the duly appointed Personal Representative of the Estate of Austin Lane Steybe, deceased. This action is brought by Ramon Steybe, II, in his capacity as the Personal Representative of the Estate of Austin Lane Steybe, and on behalf of Mr. Steybe's survivors Ramon Steybe, II and Katina Simmons.

5. At all times material to this action, Austin Lane Steybe ("Mr. Steybe") was a pretrial detainee confined in the Putnam County Jail, a county jail/correctional facility operated by the Putnam County Sheriff's Office, and a resident of Putnam County, Florida.

6. Defendant, David Looney, was at all times material hereto, a sworn member of the Putnam County Sheriff's Office and a correctional officer at the Putnam County Jail. At all times relevant to this case, Defendant Looney acted in conformance with the customs, practices, and/or policies of the Putnam County Sheriff's Office and acted under color of state law.

7. Defendant, Terrance Haynes, was at all times material hereto, a sworn member of the Putnam County Sheriff's Office and a correctional officer at the Putnam County Jail. At all times relevant to this case, Defendant Haynes acted in conformance with the customs, practices, and/or policies of the Putnam County Sheriff's Office and acted under color of state law.

## FACTUAL ALLEGATIONS

8. On August 2, 2016, Mr. Steybe was arrested on the charge of murder by the Putnam County Sheriff's Office and booked into the Putnam County Jail ("Jail").

9. While housed as a pretrial detainee, Mr. Steybe requested placement in administrative confinement in order to separate himself from the general population for his own protection.

10. Mr. Steybe made officers aware of his fear and request for protection in a written form entitled "Putnam County Sheriff's Protective Confinement Form." In this written request he stated "I fear for my life."

11. Shortly thereafter, Mr. Steybe was placed in a cell in the North Tower with Jerry Keene, Jr. ("Keene") at the request of Keene.

12. At the time Mr. Steybe and Keene were housed in a cell together, both had pending charges of first-degree murder.

13. On October 3, 2016 at approximately 12:40 a.m., inmates housed adjacent to Steybe and Keene's shared cell contacted the North Tower Housing Corporal, where Corporal Looney and Corrections Deputy Haynes were working, to report scuffling and alert deputies about a possible fight coming from a nearby cell.

14. Inmates in adjoining cells reported hearing a bang, like someone being pushed off the top bunk, followed by a loud struggle. Inmates described the loud struggle as lasting up to 20 minutes.

15. Defendants Looney and Haynes turned on the lights to the day room of the housing area for a brief period, but did nothing to investigate and intervene in the reported altercation. Neither Looney or Haynes attempted to communicate with inmates, nor did they inspect the cell where the altercation was reported as occurring, let alone stop Keene's attack on Steybe.

16. During and after the inmates' report of an altercation, inmate Keene was violently strangling Mr. Steybe with a pair of socks he had tied together.

17. Inmates communicated with Keene during the altercation to inquire about what was happening.

18. Following the attack, at approximately 1:03 a.m., Keene asked Corporal Looney to come to his cell, reporting a problem with his roommate.

19. Corporal Looney arrived to the cell and found Mr. Steybe unconscious in the shower, with Keene's socks remaining around Mr. Steybe's neck.

20. On October 4, 2016, Mr. Steybe was declared brain dead as a result of the strangulation, and died that same day.

21. Keene confessed to investigators both that he murdered Mr. Steybe and that he had premeditated Mr. Steybe's killing for days.

22. Keene was charged with first-degree murder for Mr. Steybe's death.

23. Ultimately, Keene was adjudicated guilty of first-degree murder for his premeditated killing of Mr. Steybe in the Putnam County Jail and sentenced to life in prison.

## COUNT I
## 42 U.S.C. § 1983: DELIBERATE INDIFFERENCE
**(Defendants Looney and Haynes)**

24. Paragraphs 1-23 above, are adopted and incorporated by reference herein.

25. Defendants Looney and Haynes, acting under color of state law, knew of the risk of serious harm to Steybe.

26. Defendants Looney and Haynes deliberately disregarded the risk of harm to Mr. Steybe despite Defendants Looney and Haynes' actual knowledge of such risk.

27. Defendants Looney and Haynes' deliberate indifference to Steybe's safety violated Mr. Steybe's due process rights under the Fourteenth Amendment to the United States Constitution.

28. Defendants Looney and Haynes' actions and/or omissions were done with malice and/or reckless indifference to Mr. Steybe's federally protected rights.

29. As a direct and approximate result of Defendants Looney and Haynes' deliberate indifference to Mr. Steybe's safety, Plaintiff suffered damages, including, but not limited to, loss of life, loss of enjoyment of life, pain and suffering, and loss of prospective net accumulations to Mr. Steybe's estate.

WHEREFORE, Plaintiff demands judgment against Defendants Looney and Haynes, individually for:

    (a)    actual and compensatory damages;

    (b)    punitive damages;

    (c)    an award of attorney's fees and costs; and

    (d)    any other relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury on all issues so triable.

Dated this 30th of April 2019.

                Respectfully submitted,

                */s/ Matthew R. Kachergus*
                Wm. J. Sheppard, Esquire
                Florida Bar No.: 109154
                Elizabeth L. White, Esquire
                Florida Bar No.: 314560
                Matthew R. Kachergus, Esquire
                Florida Bar No.: 503282
                Bryan E. DeMaggio, Esquire
                Florida Bar No.: 055712
                Jesse B. Wilkison, Esquire
                Florida Bar No.: 118505
                Camille E. Sheppard, Esquire
                Florida Bar No.: 124518
                Sheppard, White, Kachergus & DeMaggio, P.A.
                215 Washington Street
                Jacksonville, Florida 32202
                Telephone:  (904) 356-9661
                Facsimile:  (904) 356-9667
                Email:  sheplaw@sheppardwhite.com
                COUNSEL FOR PLAINTIFF

lr[steybe.austin.complaint]